IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| Jessicalynn Jones, n/k/a Adams, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:17-cv-358 |
| Resurgent Capital Services, L.P., a Delaware limited partnership and Pinnacle Credit Services, LLC, a Minnesota limited liability company, | ) ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Jessicalynn Jones, n/k/a Adams, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Jessicalynn Jones, n/k/a Adams ("Adams"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom

Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for a cell phone bill.

4. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Resurgent operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Resurgent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Defendant Pinnacle operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Pinnacle was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Pinnacle is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Pinnacle's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

7. Defendants Resurgent and Pinnacle are each is authorized to conduct business in Tennessee, and maintain registered agents here, <u>see</u>, records from the Tennessee Secretary of State, <u>see</u>, attached Group Exhibit <u>A</u>. In fact, Defendants both conduct substantial business in Tennessee.

8. Defendant Resurgent is licensed as a debt collection agency in the State of Tennessee, <u>see</u>, record from the Tennessee Department of Commerce & Insurance Administration, <u>see</u>, attached Exhibit <u>B</u>. In fact, both Defendants act as collection agencies in Tennessee.

## FACTUAL ALLEGATIONS

9. More than 6 years ago, Ms. Adams allegedly did not pay a debt she owed for a cell phone. Sometime after that debt became delinquent, it was allegedly purchased/obtained by Pinnacle, which tried to collect upon it, by having Defendant Resurgent send Ms. Adams a form collection letter, dated November 15, 2016, regarding payment of the cell phone debt. The letter stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it, and Pinnacle Credit Services, LLC will not report it to any credit reporting agency.

* * *

A copy of this collection letter is attached as Exhibit <u>C</u>.

10. Defendants' letter, however, failed to state that Resurgent, the original creditor, or any of the related entities listed on the reverse side of the letter could not also sue on the debt, and that Resurgent and the original creditor could not also make a credit report about the debt; moreover, by stating that Pinnacle "will not" sue or credit

3

report, rather than it "cannot" sue or credit report, the letter implied that Pinnacle still had the option to take those actions, and that it was simply choosing not to do so.

11. In fact, no one could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely six years after the cause of action accrued, see. Tennessee Code Annotated, §28-3-109(a)(3).

12. Defendants' failure to disclose that no one could sue or credit report about the debt is material. This lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt needed to be settled and/or would result in the alleged savings.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover,

4

debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA. See, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Resurgent, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Resurgent, the original creditor or any of the related entities listed on the reverse side of the letter could credit report the debt; and c) they failed to foreclose that Pinnacle could not legally sue or credit report the debt, not that Pinnacle had simply chosen not to do so.

19. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692e of the FDCPA.

20. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-14.

22. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Resurgent, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Resurgent, the original creditor or any of the related entities listed on the reverse side of the letter could credit report the debt; and c) they failed to foreclose that Pinnacle could not legally sue or credit report the debt, not that Pinnacle had simply chosen not to do so.

24. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, or to obtain the alleged savings/aid, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692f of the FDCPA.

25. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

26. Plaintiff, Jessicalynn Jones, n/k/a Adams, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee from whom Defendants attempted to collect a delinquent, time-barred consumer debt (i.e., where the date of last payment/statement is more than six years from the date of the letter), via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

27. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Adams, in their attempts to collect delinquent consumer debts from other consumers.

28. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Adams.

29. Plaintiff Adams's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

7

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

31. Plaintiff Adams will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Adams has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jessicalynn Jones, n/k/a Adams, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Adams as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Adams and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jessicalynn Jones, n/k/a Adams, individually and on behalf of all others similarly situated, demands trial by jury.

        Jessicalynn Jones, n/k/a Adams, individually and on behalf of all others similarly situated,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: August 15, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson  (TN Bar No. 018397)
Heather Banks    (TN Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com